STATE OF NEW JERSEY, RESPONDENT, v. ALEXANDER J. MILLER, PROSECUTOR.

Argued October 9, 1930—Decided November 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the prosecutor, *Harry E. Newman* (*Thomas G. Haight,* of counsel).

For the state, *Robert H. McCarter,* special assistant attorney-general.

PER CURIAM.

These are rules to show cause why *certiorari* should not issue to bring into this court indictments found by the grand jury of Ocean county at the April term, 1930, of the Court of Oyer and Terminer, for the indicated purpose of reviewing the action of the trial court in respect thereto.

There are five indictments against the same defendant, the first (No. 284) charging that on October 14th, 1928, the defendant, Miller, while being a county investigator and detective of Ocean county and holding an office of trust and profit under the authority of the state, did embezzle and fraudulently convert to his own use, $125 committed to his keeping, with intent to defraud the State of New Jersey, &c. This, as well as the other four indictments against the defendant, was found after the reinstatement of the grand jury, but before the expiration of the April term, like some of the indictments considered in State *v.* Newmark, of the present term of this court. On September 3d, 1930, the defendant withdrew his plea of not guilty and moved to quash the indictment upon the alleged ground that it failed to state the name of the owner of the property alleged to have been embezzled, or that the name of the owner was unknown. This motion was denied. On September 4th he filed a plea, like the others in these Miller cases, relying upon the alleged illegality of the indictment because of the previous discharge and reinstatement of the grand jury, which contention we have held in State *v.* Newmark is without merit. That plea

was overruled on September 9th, 1930, and of course rightly. Meanwhile the defendant, on September 6th, 1930, filed what he calls a supplemental plea, setting up that he was not an officer of the State of New Jersey as alleged in the indictment. This presented the anomalous situation of a defendant at the same time by one plea attacking the indictment because the grand jury that found it was not a legal body and by another plea raising the question as to the sufficiency of the indictment by taking issue upon an allegation therein as to his having been an officer of the state. So far as the case shows the judge did nothing and made no order with respect to this latter plea. He evidently considered the two pleas inconsistent. This court should not undertake to review his inaction by *certiorari*. If the court below had overruled the plea, which he did not, then there would have been a judgment of *respondeat ouster,* which there was not, and the case could have proceeded to trial and a review could have followed if desired on writ of error if conviction ensued.

Neither should the action of the court below in refusing the motion to quash the indictment, induce this court in this proceeding to award the writ now applied for. The defendant should go to trial, and if convicted, review by writ of error, if he desires to do so, the judgment, including the question of the sufficiency of the indictment.

The indictment in No. 282 alleges that on October 14th, 1928, while holding an office of trust and profit under the authority of this state, the defendant did embezzle $125 with intent to defraud the county of Ocean, &c.

The indictment in No. 285 charges that the defendant on December 2d, 1928, being a special officer for the protection, arrest, indictment and conviction of offenders, and charged with the duty of exercising all proper, reasonable and effective means for preserving public peace, suppressing disorderly houses, and enforcing the laws, was guilty of malfeasance in that particular, &c.

The indictment in No. 286 charges the defendant with having, while being the servant or agent of James Mercer Davis,

prosecutor of the pleas of Ocean county, and as such being entrusted with the care and custody of moneys that came into the possession of Davis, and contained in slot machines that had theretofore been lawfully seized and taken possession of by the prosecutor, did unlawfully embezzle and convert to the use of one Ruben Wilbur, Jr., who was not the rightful owner thereof, a sum of money, to wit, $20, &c.

The indictment in No. 283 charges defendant with being, on October 14th, 1928, the servant or agent of James Mercer Davis, prosecutor of the pleas of Ocean county, and as such being entrusted with the care and custody of certain moneys that came into Davis' possession as such prosecutor and contained in slot machines that had been lawfully seized and taken possession of by said Davis, and with unlawfully and fraudulently embezzling and converting to his own use $125 contained in said slot machines, &c.

The conclusions which we have reached with respect to the first case herein considered (No. 284) in effect dispose of cases Nos. 282, 283, 285 and 286 herein mentioned.

The writs of *certiorari* applied for will be denied and the several rules to show cause discharged.